UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WITOLD BAGINSKI**<br>        **Plaintiff,**<br>v.<br><br>**BOROUGH OF WALLINGTON, et al.**<br>        **Defendants.** | CIV. A. 2:17-cv-05320-JLL-LAD<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiff's Allegations and Causes of Action

   This is an action pursuant to i) the New Jersey Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-1 *et seq.*, to remedy unlawful retaliation; ii) *N.J.S.A.* 40A:9-165; iii) the Civil Rights Act, 42 *U.S.C.* Sections 1981 *et seq.*, 1983 *et seq.*, and 1985 *et seq.*; and the New Jersey Civil Rights Act, *NJ.S.A.* 10:6-1, *et seq*.

   Defendants' Affirmative Defenses

   Defendant Borough of Wallington is a municipality of the State of New Jersey and a public entity pursuant to N.J.S.A. 59:1-1 et. seq. Defendants Eugeniusz Rachelski, Khaldoun Androwis, Melissa Dabal, and Bryan Olkowski were at relevant times herein duly elected council members in the Borough of Wallington acting at all relevant times herein in accordance with their statutory duties as council members. Defendants deny all material liability allegations while asserting various affirmative defenses. Defendants assert that all employment decisions regarding Plaintiff were made in good faith, based on proper, legitimate, constitutional, non-discriminatory reasons for the betterment of the Borough of Wallington. The Borough of Wallington Defendants assert that they are entitled to Qualified Immunity and Absolute Immunity for all employment decisions as to Plaintiff and his pleaded causes of action.

2. Have settlement discussions taken place? Yes _____ No  XXX  

   If so, when? _____

   (a) What was plaintiff's last demand?

       (1) Monetary demand: $ _____
       (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

       (1) Monetary offer:  $ _____
       (2) Non-monetary offer: _____

3. The parties [have _____ -have not  XX  ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   Parties will serve Rule 26 disclosures by December 14, 2017.

4. Describe any discovery conducted other than the above disclosures.

   None thus far.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   None thus far.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects: liability, damages

   (b) Should discovery be conducted in phases? If so, explain: no.

   (c) Number of Interrogatories by each party to each other party: 25

   (d) Number of Depositions to be taken by each party: 10

   (e) Plaintiff's expert report due on November 30, 2018.

   (f) Defendant's expert report due on December 30, 2018.

   (g) Motions to Amend or to Add Parties to be filed by January 15, 2018.

   (h) Dispositive motions to be served within 45 days of completion of discovery.

   (i) Factual discovery to be completed by December 30, 2018.

   (j) Expert discovery to be completed by January 31, 2018.

   (k) Set forth any special discovery mechanism or procedure requested, including

data preservation orders or protective orders:

 (l) A pretrial conference may take place on _____.

 (m) Trial by jury or non-jury Trial? <u>Jury</u>

 (n) Trial date: _____.

7. Do you anticipate any discovery problem(s)? Yes _____ No <u>xx</u>_____
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No <u>xx</u>____

Discovery Confidentiality Order

9. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

<u>Not at this time. Mediation may be appropriate after completion of discovery.</u>

10. Is this case appropriate for bifurcation? Yes _____ No <u>XX</u>_____

11. We [do _____ do not <u>XX</u>___] consent to the trial being conducted by a Magistrate Judge.

Dated: November 16, 2017

            /s/ Robert A. Tandy
            Robert A. Tandy, Esq.
            Law Offices of Robert A. Tandy, LLC
            50 Tice Boulevard, Suite 363
            Woodcliff Lake, NJ 07677
            rtandy@tandylaw.com
            Counsel for Plaintiff

            /s/ Debra M. McGarvey
            Debra M. McGarvey, Esq.
            Keenan & Doris, LLC
            71 Union Avenue, Suite 105
            Rutherford, NJ 07070
            201-355-8110
            dmcgarvey@keenandoris.com
            Counsel for Defendant Borough of Wallington

/s/ Scott K. Seelagy
Scott K. Seelagy, Esq.
Attorney at Law
95 Spring Brook Road
Morristown, NJ  07960
Tel. (973) 726-0059
sseelagy@seelagylaw.com
Counsel for Defendants Eugeniusz Rachelski,
Khaldoun Androwis, Melissa Dabal, and Bryan
Olkowski