**Keenan & Doris LLC**
71 Union Avenue, Suite 105
Rutherford, New Jersey 07070
(201) 355-8110
toconnor@keenandoris.com
Attorneys for Defendant
Borough of Wallington,

## IN THE UNITED STATES
## DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| WITOLD BAGINSKI,<br><br>                    Plaintiff,<br><br>v.<br><br>BOROUGH OF WALLINGTON;<br>EUGENIUSZ RACHELSKI, individually and<br>in his official capacity as Councilman;<br>KHALDOUN ANDROWIS individually and<br>in his official capacity as Councilman;<br>MELISSA DABAL, individually and in her<br>official capacity as Councilwoman; BRYAN<br>OLKOWSKI, individually and in his official<br>capacity as Councilman; VICTOR POLCE,<br>individually and in his official capacity as<br>Borough Administrator, XYZ CORP. INC. (1-<br>10); JOHN DOES (1-10) AND JANE DOES<br>(1-10), | CASE NO: 2:17-cv-05320 (JLL) (JAD)<br><br>Civil Action<br><br>**ANSWER TO FIRST<br>AMENDED COMPLAINT,<br>SEPARATE DEFENSES,<br>DEMAND FOR STATEMENT<br>OF DAMAGES, JURY<br>DEMAND, DESIGNATION OF<br>TRIAL COUNSEL AND<br>CERTIFICATION**<br><br>**<u>Electronically filed via ECF</u>** |

Defendants, Borough of Wallington, by way of Answer to the First Amended Complaint,

says:

### NATURE OF ACTION AND VENUE

1.      The allegations contained in paragraph 1 are not directed against this Defendant or

set forth legal conclusions for which a response is required.  To the extent a response is required,

Defendant denies the allegations in paragraph 1 and deny any and all liability.

2.      Admitted.

3.      Admitted.

4.      Admitted as to the fact that Plaintiff serves as the Borough Clerk for the Borough of Wallington, and denied for all remaining allegations.

5.      Admitted in as much as the Borough of Wallington is a Municipal Corporation of the State of New Jersey organized under the Borough form of government, and denied as to all remaining allegations in paragraph 5.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted as to the fact that Victor Polche served as Borough Administrator for the Borough of Wallington.  Denied as to all other allegations contained therein.

11.     The allegations contained in paragraph 11 are not directed against this Defendant for which no response is required.  To the extent a response is required Defendant denies the allegation contained in paragraph 11.

## STATEMENT OF FACTS

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and leave Plaintiff to his proofs.

13.     Defendant neither admits nor denies, as this statutory language speaks for itself and no response is required.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and leaves Plaintiff to his proofs.

15.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 15 and leaves Plaintiff to his proofs.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

35.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

38.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations and leave Plaintiff to his proofs.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

44.    Denied.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

47.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

48.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

50.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations and leave Plaintiff to his proofs.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

53.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

54.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

56.    Denied.

57.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

58.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

60.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

62.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations and leave Plaintiff to his proofs.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

73.     Denied.

74.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations and leave Plaintiff to his proofs.

75. Denied.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

86. Denied as to violation of the law. Plaintiff is left to his proofs for all other

allegations.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

## COUNT ONE CONSCIENCIOUS EMPLOYEE PROTECTION ACT

88.     Defendants incorporate and reinsert herein each and every response contained in paragraphs 1through 87 as if the same were more fully set forth at length herein.

89.     Denied.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to his proofs.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to his proofs.

92.     Denied.

WHEREFORE Defendants Borough of Wallington hereby demands judgment on Count One and dismissal of the Amended Complaint together with counsel fees and cost of suit and any further relief that the Court may deem just and appropriate.

## COUNT TWO 42 U.S.C.1981 and 1983, et seq.

93.     Defendants incorporate and reinserts herein each and every response contained in paragraphs 1 through 92 as if same were more fully set forth at length herein.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave the Plaintiff to his proofs.

98.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave the Plaintiff to his proofs.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

WHEREFORE Defendant Borough of Wallington hereby demands judgment on Count Two and dismissal of the Amended Complaint together with counsel fees and costs of suit and any further relief that the Court may deem just and appropriate.

## COUNT THREE N.J.C.R.A. 117

117.    Defendants incorporate and reassert herein each and every response contained in paragraphs 1 through 116 as if the same were more fully set forth at length herein.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to his proofs.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

WHEREFORE Defendant Borough of Wallington hereby demands judgement on Count Three and dismissal of the Amended Complaint together with counsel fees and cost of suit and any further relief that the Court may deem just and appropriate.

### COUNT FOUR 42 U.S.C. Section 1985, et. als.

142. Defendants incorporate and reassert herein each and every response contained in paragraphs 1 through 141 as if same were more fully set forth at length herein.

143. Denied.

144. Statutory language speaks for itself and no response is required.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

WHEREFORE Defendant Borough of Wallington hereby demands judgement on Count Four and dismissal of the Amended Complaint, together with counsel fees and cost of suit and any further relief that the Court may deem just and appropriate.

### COUNT FIVE N.J.L.A.D.

151.    Defendants incorporate and reassert herein each and every response contained in paragraph 1 thorough 150 as if the same were more fully set forth at length herein.

152.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to his proofs.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

WHEREFORE Defendant Borough of Wallington hereby demands judgement on Count Five and dismissal of the Amended Complaint, together with counsel fees and cost of suit and any further relief that the Court may deem just and appropriate

## COUNT SIX FAMILY MEDICAL LEAVE ACT

162.    Defendants incorporate and reassert herein each and every response contained in paragraph 1 thorough 161 as if the same were more fully set forth at length herein.

163.    Denied.

164.    Denied.

165.    Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

WHEREFORE Defendant Borough of Wallington hereby demands judgement on Count Six and dismissal of the Amended Complaint, together with counsel fees and cost of suit and any further relief that the Court may deem just and appropriate.


## SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all relevant times, Defendants conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiff from asserting the claims herein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a result of his failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny that any of their actions were willful, wanton, malicious, reckless or in any way actionable.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny violating any duty allegedly owed to the Plaintiff, if any duty is found to have existed.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from suit by virtue of the applicable Statutes of the State of New Jersey.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the proximate cause of the Plaintiff's alleged losses, injuries or damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

The claims against Defendants are barred in whole or in part by the applicable Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred in whole, or in part, by the doctrines of estoppel, laches and waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants, as a public entity and public employee within the contemplation of the New Jersey Tort Claims Act, are entitled to all of the provisions, immunities, exemptions and limitations of said Act, and consequently, are not liable to the claimant or, if liable, only as limited by said Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to satisfy the required severe and/or pervasive standard.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief may be barred under the "unclean hands" doctrine.

## SEVENTEETH AFFIRMATIVE DEFENSE

Costs alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off, recoupment and counterclaim for the damages suffered by Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

At all times relevant herein, the actions of Defendants were done in accordance with law in good faith and within the scope of their duties.  Defendants are immune from suit under the doctrine of good faith immunity.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are immune from liability for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice or willful misconduct by virtue of N.J.S.A. 59:2-10.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny the applicability of punitive damages theories under the facts of this litigation and, in any event, deny that it is so liable under said theories.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claims made herein for punitive damages may be barred because they are in contravention to due process, equal protection and other rights under the United States Constitution and the Constitution of the State of New Jersey.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages may be barred because the actions of Defendants were reasonable under the circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

During all relevant acts, Defendants acted, at a minimum, in good faith.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any claim made by Plaintiff herein for punitive damages is limited and subject to the provision set forth in N.J.S.A. 2A:15-5.9 et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because of his failure to join necessary and indispensable parties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to engage in a protected activity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendants in regard to Plaintiff were in good faith and for legitimate non-retaliatory reasons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

At all times, Defendants had in place effective anti-harassment and anti-discriminatory complaint structures and/or training and monitoring mechanisms.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part due to the discovery of after-acquired evidence.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not violate N.J.S.A. 34:15-39.1 et. seq.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not violate the Conscientious Employer Protection Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants acted reasonably and in good faith at all times, and are therefore, entitled to qualified and absolute immunity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory behavior.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants to avoid harm otherwise.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Faragher-Ellerth doctrine.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to an adverse employment action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants did not violate the civil rights of Plaintiff.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants took prompt and remedial action.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the exclusivity provision of the New Jersey Workers'

Compensation Act.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et

seq.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff did not have a reasonable belief that a rule, regulation, or law was being violated.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff did not engage in any "whistle-blowing" activities.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants did not retaliate Plaintiff due to Plaintiff's alleged "whistle-blowing"

activities.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not have a reasonable belief that a whistleblowing activity occurred.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants committed no act that can be deemed retaliatory.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any constitutional violations with specificity as to state a cognizable claim under 42 U.S.C. §1981, §1983 and §1985, for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution, or any other constitutional provision, and Defendants are entitled to dismissal of the Amended Complaint

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

At all times mentioned in the Amended Complaint, the Defendants acted in their capacity as elected officials under the color of state law.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the actions allegedly taken by the Defendants against him would have been the same actions taken, even absent the allegedly protected activities, for lawful and legitimate reasons and interests.

### FIFTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to 42 U.S.C. §1981, 1983 and 1985 are barred because Defendants at no time engaged in any conduct that violated any privacy right, or any right with respect to his medical records, medical information or his health, and Defendants are entitled to a dismissal of the Amended Complaint.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendants are immune from liability under the provisions of N.J.S.A. 59:2-3 and 59:3-2 when in the fact of competing demands, it determines, in the exercise of its discretion the manner in which existing resources, equipment, facilities, and personnel shall be utilized.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations are frivolous and accordingly, after prevailing in this matter, Defendants should be awarded its attorneys' fees and costs pursuant to N.J.S.A. 15-59.1 and N.J.S.A. 10:5-1 et seq.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that it reserves the right to offer additional defenses that may become available or apparent during the course of discovery and/or which cannot now be articulated due to Plaintiff's failure to particularize his claims and, thus, it reserves the right to amend its answer to assert such defenses.

WHEREFORE, the Defendants demand judgment in its favor against Plaintiff, dismissing with prejudice each and every count of the Complaint, together with attorney's fees and costs of defense and such other and further relief as the Court shall believe is just and reasonable under the circumstances.

## JURY DEMAND

Defendant hereby demands that a trial by jury as to all issues so triable.


## DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO LOCAL CIVIL RULE 8.1

The Defendant hereby requests that the Plaintiff's furnish to the Defendant within 10 days of service hereof, a written statement of damages claimed in the within action against this Defendant.


**KEENAN & DORIS, LLC**
Attorneys for Defendants


By:_____
Timothy R. O'Connor, Esq.

Dated:  February 15, 2019

## <u>CERTIFICATION</u>

Pursuant to Local Rule 11.2, I hereby certify that the within pleading was served within the time period provided for under Federal Rules of Civil Procedure and I am not aware of the within matter being the subject of any other action pending in any Court or Arbitration forum. I certify that no such action or arbitration proceeding is presently contemplated and no new parties need to be joined in the above action.

**KEENAN & DORIS, LLC**
Attorneys for Defendants

**By:**_____
Timothy R. O'Connor, Esq.

Dated:  February 15, 2019