UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WITOLD BAGINSKI**<br>　　　　**Plaintiff,**<br>v.<br><br>**BOROUGH OF WALLINGTON, et al.**<br>　　　　**Defendants.** | CIV. A. 2:17-cv-05320-JLL-LAD<br><br>**AMENDED JOINT DISCOVERY PLAN** |

1.　Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.

　　Plaintiff's Allegations and Causes of Action

This is an action pursuant to i) the New Jersey Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-1 *et seq.*, to remedy unlawful retaliation; ii) the Civil Rights Act, 42 *U.S.*C. Sections 1981 *et seq.*, 1983 *et seq.*, and 1985 *et seq.*; iii) the New Jersey Civil Rights Act, *NJ.S.A.* 10:6-1, *et seq.*; and iv) the New Jersey Law Against Discrimination.

　　Defendants' Affirmative Defenses

Defendant Borough of Wallington is a municipality of the State of New Jersey and a public entity pursuant to N.J.S.A. 59:1-1 et. seq.  Defendants Eugeniusz Rachelski, Khaldoun Androwis, Melissa Dabal, and Bryan Olkowski were at relevant times herein duly elected council members in the Borough of Wallington acting at all relevant times herein in accordance with their statutory duties as council members.  Defendant Victor Polce was at all relevant times the Administrator for the Borough of Wallington. Defendants deny all material liability allegations while asserting various affirmative defenses.  Defendants assert that all employment decisions regarding Plaintiff were made in good faith, based on proper, legitimate, constitutional, non-discriminatory reasons for the betterment of the Borough of Wallington.  The Borough of Wallington Defendants assert that they are entitled to Qualified Immunity and Absolute Immunity for all employment decisions as to Plaintiff and his pleaded causes of action.

2.  Have settlement discussions taken place?  Yes __XXX__   No _____

    If so, when?  __Two In-Court Settlement Conferences were held in 2018.__

    (a)  What was plaintiff's last demand?

        (1)  Monetary demand: $ _____
        (2)  Non-monetary demand: _____

    (b)  What was defendant's last offer?

        (1)  Monetary offer:  $ _____
        (2)  Non-monetary offer: _____

3.  The parties [have _-_  have not __XX_____] exchanged the information required by Fed. R. Civ. P. 26(a)(1) as to the new causes of action alleged in the Amended Complaint. If not, state the reason therefor.

    Parties will serve Rule 26 disclosures by April 15, 2019.

4.  Describe any discovery conducted other than the above disclosures.

    The parties have exchanged written discovery on the initial claims.  The parties need to exchange written discovery relating to the amended claims and parties.

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.

    A motion to amend the pleadings has previously been granted.

6.  The parties proposed the following:

    (a)  Discovery is needed on the following subjects: liability, damages

    (b)  Should discovery be conducted in phases?  If so, explain: no.

    (c)  Number of Interrogatories by each party to each other party:  25

    (d)  Number of Depositions to be taken by each party: 10

    (e)  The parties shall propound discovery on or before April 15, 2019.

    (f)  The parties shall provide responses to discovery requests on or before June 1, 2019.

    (g)  Plaintiff's expert report due on November 1, 2019.

    (f)  Defendant's expert report due on December 1, 2019.

    (g)  Dispositive motions to be served within 45 days of completion of discovery.

    (h)    Factual discovery to be completed by September 15, 2019.

    (i)    Expert discovery to be completed by January 1, 2020.

    (j)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    (k)    A pretrial conference may take place on _____.

    (l)    Trial by jury or non-jury Trial? <u>Jury</u>

    (m)    Trial date: _____.

7. Do you anticipate any discovery problem(s)? Yes _____ No <u>xx</u>
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No <u>xx</u>

    Discovery Confidentiality Order

9. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    <u>Not at this time. Mediation may be appropriate after completion of discovery.</u>

10. Is this case appropriate for bifurcation? Yes _____ No <u>XX</u>

11. We [do _____ do not <u>XX</u>] consent to the trial being conducted by a Magistrate Judge.

Dated: April 1, 2019

      /s/ Robert A. Tandy
Robert A. Tandy, Esq.
Law Offices of Robert A. Tandy, LLC
50 Tice Boulevard, Suite 363
Woodcliff Lake, NJ 07677
rtandy@tandylaw.com
Counsel for Plaintiff


      /s/ Tim O'Connor
Tim O'Connor, Esq.
Keenan & Doris, LLC
71 Union Avenue, Suite 105
Rutherford, NJ 07070
201-355-8110
toconnor@keenandoris.com
Counsel for Defendant Borough of Wallington


      /s/ Scott K. Seelagy
Scott K. Seelagy, Esq.
Attorney at Law
95 Spring Brook Road
Morristown, NJ  07960
Tel. (973) 726-0059
sseelagy@seelagylaw.com
Counsel for Defendants Eugeniusz Rachelski, Khaldoun Androwis, Melissa Dabal, and Bryan Olkowski


      /s/ Robert J. Greenbaum
Law Office of Robert J. Greenbaum
263 Winding Hill Drive
Hackettstown, NJ 07840
(908) 684-4004
robgreenbaum@yahoo.com
Counsel for Defendant Victor Polce