# Law Office of Robert A. Tandy, LLC
Attorney at Law
Corporate Center
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677

ROBERT A. TANDY*

*Member of NJ & NY Bar

Telephone: (201) 474-7103
Facsimile: (201) 474-7101
rtandy@tandylaw.com

July 27, 2020

**VIA E-FILING**
Hon. Joseph A. Dickson, U.S.M.J.
Martin Luther King Courthouse
50 Walnut St., Room 5054
Newark, New Jersey 07101

      Re:    Witold Baginski v. Borough of Wallington, et als
               Civil Action No.: 17-cv-05320-JLL-LAD

Dear Judge Dickson:

This office represents Plaintiff, Witold Baginski ("Plaintiff"), in the above-captioned matter. Please accept this correspondence in lieu of a more formal request to schedule a telephone status conference with the Court to address a recent discovery issue, which, if unresolved, Plaintiff will need to request leave to file a Motion to Bar Discovery; and/or, in the alternative, re-open discovery to address Defendants' failure to comply with this Court's prior Orders and the New Jersey Federal Practice Rules of the Court and seek attorneys' fees and costs for all time and expenses related to this additional discovery.

As Your Honor recalls, on Monday, July 20, 2020, Your Honor conducted a telephonic status conference with the parties. The parties advised that the only outstanding discovery was the deposition of Defendant Melissa Dabal, who was supposed to be deposed on that date, but adjourned because the undersigned was advised one business-day prior to her scheduled deposition that she was starting a new job and would be unable to attend her deposition. Your Honor will further recall that Defendant Dabal's deposition was scheduled for August 31, 2020 and dispositive motions by all parties are due on or before September 30, 2020.

During the teleconference, Counsel for the Borough of Wallington failed to advise the Court that they would be producing a twenty-three (23) page "Investigation Report" dated November 20, 2017. In fact, Counsel for Defendants remained silent when Your Honor asked whether there were any other issues to discuss.

On Thursday, July 23, 2020, Defendant Borough of Wallington sent the undersigned

Hon. Joseph A. Dickson, U.S.M.J.
July 27, 2020
Page 2

correspondence supplementing Defendant's Discovery responses to include an Investigation Report dated November 20, 2017. It should be noted that this report was dated prior to the disclosure of any documents by the parties in this matter. On July 23, 2020 the undersigned requested an explanation as to why this investigation report had not been produced prior to any one of the other depositions. Counsel for Wallington responded in part:

> Rob,
>
> While I wasn't the attorney who answered your initial document requests, my understanding is that the document had been considered attorney work product. After speaking with the Borough attorney, I was informed the Borough no longer considered it such, and would be useful for your upcoming deposition of Mayor Dabal.
>
> Tim O'Connor, Esq

At no time prior to July 23, 2020 did Defendants ever identify that this investigation report existed. Moreover, Defendants failed to identify this document in its Rule 26 initial disclosures and failed to identify the existence of this investigation report in any of its discovery responses (and supplemental responses) - - despite Plaintiff specifically requesting that "**All documents relating to any investigation of Plaintiff conducted by Defendant**" be produced. Additionally, as recent as March 4, 2020, Matthew E. Gilson, Esq., attorney for Borough of Wallington, sent an "Amended Rule 26 Disclosure." The Investigation Report was not contained therein.

As Your Honor is aware, *L.Civ.Rule* 34.1 provides:

> Where a claim of privilege is asserted in responding or objecting to any discovery requested in requests for documents, and information is not provided on the basis of such assertion, the party asserting the privilege shall in the response or objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. **When any privilege is claimed, the party asserting it shall indicate, as to the information requested, whether any such documents exist.** (Emphasis added).

Where the work product privilege rule is asserted, the party asserting the privilege must certify as to (a) the identity of the authors, (b) recipients, (c) dates, (d) purpose of the report, and (e) the dates and purposes of the relationship between the authors and counsel with sufficient particularity to sustain the burden to demonstrate applicability of the doctrine. *Canadian Imperial Bank of Commerce v. Boardwalk Regency Corp.*, 1985 U.S.

Hon. Joseph A. Dickson, U.S.M.J.
July 27, 2020
Page 2

Dist. LEXIS 23943 (D.N.J. Sept. 13 1985) (Simandle), aff'd 108 F.R.D. 737 (D.N.J. 1986). Moreover, a specific privilege log is required to be submitted as to all withheld documents:

> A proper privilege log must include, for each withheld document, the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the document, and the privilege or privileges being asserted.

*Torres v. Kuzniasz*, 936 F.Supp. 1201, 1208-1209 (D.N.J. 1996)(Kugler).

No such privilege log identifying this or any other document was produced. It would certainly seem that Defendant Borough of Wallington strategically chose to withhold this document until after all but one deposition was completed to the Plaintiff's prejudice.

If not barred in its entirety, it is respectfully submitted that Plaintiff will need to re-depose Defendants Androwis, Olkowski (who is identified in the investigation report), and Rachelski relating to their respective knowledge of the report. Additionally, Plaintiff would need to depose Denise Errico Esmerado, Esq., the author of the report; Jane Fontana, the then Borough Administrator who seemingly "directed" that the "investigation" take place; and potentially other individuals related to this investigation and facts related thereto. Moreover, Plaintiff remains uncertain whether any other document(s) exists that Defendants believe is/are privileged that have not been produced at this time.

Thank you for Your Honor's kind attention to the within request.

> Respectfully submitted,
>
> *ROBERT A. TANDY*
>
> ROBERT A. TANDY

cc:   Scott K. Seelagy, Esq.
      Tim O'Connor, Esq.
      Leonard E. Seaman, Esq.